*W. D. Willson* and *J. Schwartz*, for appellees.

----

MILLER, Executor, *v.* ADKINSON, Administrator.

WILL.—*Construction.*—*Extraneous Evidence.*—A testator specified in his will certain items of indebtedness to him of one of his daughters, amounting to a certain sum, which he bequeathed to her. It appeared from the general purport of the will, construed without reference to extraneous circumstances, to be the intention of the testator to estimate the amount of indebtedness to him, at the date of the will, of each of his children, and to make a specific disposition thereof. After his death there were found among his papers a written settlement between him and his said daughter, of their personal accounts, bearing date some years before the execution of the will, and showing a small balance due her, and a written account against her as

guardian, with charges bearing date before and after the date of said settlement, containing items of indebtedness to him not specified in the will or in said settlement.

*Held,* that said account was not sufficient to induce a conclusion that it was not the intention of the testator to give to his said daughter her entire existing indebtedness.

Same.—*Pleading.—Release.*—Where a will, which by its terms applies only to facts existing at the date of its execution, is pleaded by a legatee as a discharge of a claim sued for by the executor, it must be shown that none of the claim accrued after the the making of the will.

APPEAL from the Dearborn Common Pleas.

This was a suit by the executor of the last will of Job Miller against the administrator of the estate of Sarah Hayes, for rent alleged to have become due to the testator in his lifetime from the defendant's intestate, for money paid by said testator for the use of said intestate, and for the value of personal property sold by him to her.

The complaint is accompanied by a bill of particulars, being an itemized account in favor of said Miller against said Hayes, for the rent of two tracts of land from December 13th, 1855, to December 13th, 1864; for some small sums paid for her use at her request, in 1852 and 1853; and for personal property sold by him to her in 1856.

The defendant answered in several paragraphs, of which only the fifth and sixth are noticed here. They are both to the effect that the testator by his last will, a copy of which is set out, dated November 13th, 1863, released and discharged the intestate from all her liability to him.

The will, so far as it related to said Sarah, contained a clause giving her three tracts of land, describing them, and also contained the following item: "My daughter, Sarah Hayes, is debtor to me for her location, barn, orchard, watering place, and bridge over the canal, &c., all of which I value at six hundred dollars. This six hundred dollars I give and bequeath to my said daughter, Sarah Hayes."

The plaintiff demurred to the fifth and sixth paragraphs of the answer; the court overruled the demurrers, and the the plaintiff excepted.

The plaintiff then replied in two paragraphs to the fifth and sixth paragraphs of the answer.

The first paragraph of the reply alleged, that said testator by his last will and testament referred to in said paragraphs of the answer, did not intend to release or discharge, and did not release or discharge, said Sarah from her liability to him or to his executor for or on account of the causes of action in the plaintiff's complaint set forth, or for or on account of either of them.

The second paragraph alleged, in addition to the same allegations as those contained in the first, that the testator, in his lifetime, on the 13th of December, 1855, had an accounting and settlement with said Sarah of and concerning rent due him from her for the use and occupation of the land mentioned in the first item of the plaintiff's bill of particulars, and of and concerning other matters then between them, which accounting and settlement was by them reduced to writing and signed by them, and is set out, showing a balance of eleven dollars and thirty-two cents due said Sarah; that said writing was found among the papers of the testator and was in his possession at the time of his death; that after said settlement the testator made out, and caused to be made out, an account in writing in his favor and against said Sarah, which is also set out, being an itemized account of indebtedness of "Sarah Hayes, guardian of the heirs of Mahlon B. Hayes, to Job Miller," the items bearing dates ranging from 1852 to 1864; the whole amounting to three thousand three hundred and fifty-eight dollars and one cent; that this account was in the hands of said testator uninterruptedly to the time of his death and was found uncanceled and unreceipted among his valuable papers; "which account contains the same identical charges set forth in the plaintiff's bill of particulars filed with the complaint, and is in substance and effect the same as the bill of particulars filed with the plaintiff's complaint."

The defendant demurred to the first and second para-

graphs of the reply; the court sustained the demurrers, and the plaintiff excepted.

The plaintiff refused to reply further; whereupon the court rendered judgment for the defendant, from which the plaintiff appeals.

FRAZER, C. J.—The plan or scheme of the will, judged by all its parts, seems to have been to state the indebtedness of each of the testator's children to him at the date of the will, and to make a specific disposition thereof. We are, therefore, led to the conclusion that the testator then estimated the whole indebtedness of Sarah Hayes to him at the sum mentioned in his will, to wit, six hundred dollars, and that he intended to give the whole of it, whether more or less, to her. There might have been extraneous circumstances existing, in the light of which the instrument would possibly admit of, and should, perhaps, receive, a different construction. But the reply does not, in our opinion, allege such circumstances. The fact that there was found amongst the papers of the testator a statement of an account against Sarah Hayes, *as guardian,* &c., embracing items of date as well before as after he and she had settled their personal accounts and found a balance in her favor, is very inconclusive and unsatisfactory, and is, of itself, wholly insufficient to change the conclusion which we have reached as to the testator's intention, upon an examination of the will itself. We are of opinion, therefore, that the second paragraph of the reply was bad, if made to a good defense. The first paragraph was certainly bad, as it neither asserted nor denied any fact.

But we think that both the fifth and sixth paragraphs of the answer (which only are questioned here) were insufficient, and that the court below erred in overruling demurrers to them. They plead the will as a discharge of the claim sued for. But they do not allege that all or any part of it had accrued before the will was made. And, as has been already intimated, that instrument cannot, we think,

be interpreted to dispose of or discharge any indebtedness which accrued after it was made. By its terms, it applies only to existing facts.

Judgment reversed. Cause remanded, with directions to sustain the demurrers to the fifth and sixth paragraphs of the answer.

*W. S. Holman* and *J. Schwartz*, for appellant.